UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | § | |
|     *Plaintiff,* | § | |
| v. | § | Civil Action H-05-1443 |
| | § | |
| PARVIN SHAHINPOUR, D/B/A | § | |
| TASTE OF KATY, | § | |
| *et al.*, | § | |
|     *Defendants.* | § | |

## ORDER

Third party defendant Katy Insurance Agency, Inc. ("Katy") has filed a motion to clarify the court's March 14, 2006 Memorandum and Recommendation recommending the district court deny in part and grant in part Katy's Rule 12(b)(6) motion to dismiss (Dkt. 79). Katy's motion is in essence an objection to this court's recommendation.

Katy's position is that Mason Park's Insurance Code and Deceptive Trade Practices Act (DTPA) claims fail as a matter of law because Mason Park is charged with knowledge of the contents of the policy at issue. As the court expressly noted in its Memorandum and Recommendation, the issue of coverage will be decided in the context of pending summary judgment motions by plaintiff Scottsdale Insurance Company and Mason Park.[1] The court also noted that the Insurance Code and DTPA

---

1    *See* Dkt. 47, 59. Pursuant to the parties' agreement, these motions are not yet ripe for decision (Dkt. 73).

claims survive *only* to the extent they are based on deceptive claims handling procedures, *not* on alleged misrepresentations of coverage.

Mason Park's response to the motion to clarify (Dkt. 80), which essentially replicates its prior briefing, indicates that Mason Park has failed to appreciate this important limitation. Mason Park states that it has an actionable claim under the Texas Insurance Code Article 21.21 and the DTPA because the certificate of insurance misrepresented the terms of the policy. In fact, the court recommended dismissal of any such claim.[2]

The court finds no reason to modify or clarify its Memorandum and Recommendation. It is therefore

ORDERED that Katy's motion (Dkt. 79) is denied.

Signed at Houston, Texas on April 3, 2006.

Stephen Wm Smith
United States Magistrate Judge

---

2   *See* Memorandum and Recommendation, at 10-12.