UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action H-05-1443 |
| | § | |
| PARVIN SHAHINPOUR, D/B/A | § | |
| TASTE OF KATY, *et al.*, | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

Scottsdale Insurance Company, Parvin Shahinpour, and Burke Orr have filed an agreed nonsuit (Dkt. 143), representing that they have resolved the claims and counterclaims by and between them and requesting such claims be dismissed. The court has previously ruled on all claims by and between Scottsdale and Mason Park, and by and between Mason Park and Katy Insurance Company. Therefore, upon dismissal of the non-suited claims the only remaining claim in this case, which is set on the district court's March/April 2007 trial docket, will be the cross-claim filed by Mason Park against Parvin Shahinpour. Mason Park objects to release of the funds held in the registry of the court and further asks the court to order that any settlement funds to be paid to Shahinpour by Scottsdale as a result of the settlement be paid into an account and not released to Shahinpour (Dkt. 145).

The court recommends that (1) Scottsdale's declaratory judgment action against Parvin Shaninpour and Burke Orr be dismissed; and (2) Parvin Shahinpour's counterclaim against Scottsdale be dismissed.

It is further ordered that Mason Park's motion (Dkt. 145) is granted in part and denied in part. The funds deposited into the registry of the court in the amount of $41,323.19, shall remain in the registry of the court until final judgment in this case or until further order of this court on a motion for release of the funds. All other relief requested by Mason Park is denied.

The court further recommends that Mason Park and Parvin Shahinpour be realigned to reflect the parties' positions as plaintiff and defendant, respectively, on the remaining claim in this case, and that the clerk amend the docket sheet to reflect that realignment.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* FED. R. CIV. PRO. 72.

Signed at Houston, Texas on February 2, 2007.

Stephen Wm Smith
United States Magistrate Judge